UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DERRICK LEE RIDDLE,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 01-1500 (DWF/ESS)

**REPORT AND RECOMMENDATION**

---

Derrick Lee Riddle, MCF Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN, 55767, Petitioner, pro se.

Mark Nathan Lystig, Esq.50 West Kellogg Blvd., Suite 315, St. Paul, MN, 55102, for Respondent.

---

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Derrick Lee Riddle for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1]. Respondent filed an Answer, explaining why the petition should be dismissed [Docket No. 4]. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

## I. BACKGROUND

Petitioner was charged with Possession of a Firearm by an Ineligible Person in violation of Minnesota Statutes §§ 609.11, subd. 5(b) and 624.713, subd. (1) and (2). On December 22, 1999, the Petitioner was found guilty of the charge by a jury in the Ramsey County District Court. On February 2, 2000, he was sentenced to 60 months in prison. Petitioner appealed his verdict to the Minnesota Court of Appeals, who affirmed the conviction on May 8, 2001. The Petitioner then petitioned the Minnesota Supreme Court for further review; the petition was denied on July 24,

FILED NOV 28 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

2001. On August 17, 2001, Petitioner filed an application for habeas corpus relief [Docket No. 1]. The petition lists five grounds for relief:

(1) Abuse of discretion by the trial judge in failing to accept a hung jury;

(2) Failure to complete the verdict in accordance with Minnesota Statutes § 631.17;[1]

(3) Insufficient evidence to support a conviction;

(4) The trial judge tampered with a juror;

(5) The witnesses were not sworn in at trial.[2]

For the reasons discussed below, the Court concludes that Petitioner is not entitled to habeas corpus relief on any of the grounds listed in his petition. It therefore recommends that this action be dismissed with prejudice.

## II. DISCUSSION

### A. Issues of Federal Law

Respondent opposes the petition on the ground that the Petitioner has failed to raise any issues involving the violation of federal law or the United States Constitution. An individual in custody pursuant to a state court judgment may only apply for habeas corpus relief in federal court if he is in custody in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus on the basis of a perceived

---

[1] Minnesota Statutes § 631.17 provides: "When a verdict such as the court may receive is returned, the court administrator shall immediately file it in open court and read it to the jury, and ask the jurors if it is their verdict. If a juror disagrees, that fact shall be entered upon the minutes, and the court shall send the jury out to deliberate further. If no disagreement is expressed by the jury, the verdict is complete, and the court shall discharge the jury from the case. The court administrator shall immediately record the verdict in full in the court minutes."

[2] Because the Petition only provides four spaces in which to list grounds for relief, this ground was listed along with the fourth ground.

error of state law. Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 875 (1984). Pulley suggests, however, that an error in state law might be sufficiently egregious to implicate the equal protection or due process requirements of the Fourteenth Amendment. Id.

At no time has the Petitioner alleged a violation of the Constitution or federal law. The file before the Court contains the trial transcript, the decision of the Minnesota Court of Appeals, the Petition for Review before the Minnesota Supreme Court. At every stage of this case, the issues were argued and decided on the basis of state law. Even the instant Petition for a Writ of Habeas Corpus is based solely upon issues of state law.

However, at first glance, the petition appears to allege conduct that is sufficiently egregious to implicate the due process requirements of the Fourteenth Amendment. Specifically, Petitioner alleges that the witnesses at trial were not sworn in, the Judge tampered with the jury, and the verdict was not "completed."[3] Upon closer inspection, however, the Court concludes that these allegations are not egregious. In Appellant's Pro Se Supplemental Brief to the Minnesota Court of Appeals, Petitioner maintains that only the Bailiff was sworn in, the witnesses were not. In fact, all of the witnesses were sworn in; however, only the Bailiff's oath was recorded verbatim in the record. See Trial Transcript Vol. III, pages 85, 126, 150, 163, 232-33. Petitioner alleges that the Judge tampered with a juror, John Fredericks, by "coaching" him on what he needed to do to make the jury reach a unanimous verdict. Reviewing the trial transcript, the Court concludes that Petitioner has misconstrued the evidence in this regard. See Trial Transcript Vol. III, pages 239-40. The jury had asked the Court two questions: whether individuals who were with the Defendant when he was

[3] Respondent argues that Petitioner's claim of insufficient evidence to support the verdict might raise a federal issue. The decision of the Court of Appeals on this issue rested solely upon state law. Nonetheless, the Court agrees with the Respondent and the Court of Appeals that there was sufficient evidence to support the verdict.

arrested had been charged with a crime and whether the jury could see the police reports. The Judge told the jury that it should not concern itself with what, if anything, had happened to anyone other than the Defendant; the Judge then instructed them that the police reports had not been admitted into evidence. Mr. Fredericks said he believed the reports had been offered as evidence; the Judge reiterated that they had not. Mr. Fredericks then asked the Judge for a written copy of her instructions with respect to these two questions so that the jury could use them in their deliberations. The Judge agreed to give them a copy. The Court finds nothing to support Petitioner's tampering allegation. Finally, Petitioner alleges that his verdict was not complete because the Court did not "complete" the verdict, as required by Minn. Stat. § 631.17. At the time, Petitioner did not object to the Court's receipt of the verdict. The Court of Appeals ruled that Petitioner waived any objection to this procedural omission and further found that Petitioner was not prejudiced by the omission, making the Court's error harmless.

Because no violation of the Constitution or federal law has been alleged, the Petition should be dismissed.

B. <u>Exhaustion of State Court Remedies</u>.

However, even if Petition had alleged a violation of the Constitution or federal law, Respondent argues that the petition should be dismissed for failure to exhaust his remedies in state court. <u>See</u> 28 U.S.C. § 2254(b)and (c); <u>O'Sullivan v. Boerckel</u>, 119 S.Ct. 1728, 1731 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). As argued by the Respondent the exhaustion requirement requires that Petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995). The Petitioner failed to raise these issues in state court; thus, he failed to exhaust his state court remedies. Accordingly, his Petition

should be dismissed.

C. Procedural Default

Finally, Respondent argues that the Petition should be dismissed because Petitioner is no longer capable of exhausting his remedies in state court, leading to procedural default. See Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555 (1991); Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994). Petitioner did not present any federal issues to Minnesota's District Court, Court of Appeals, or Supreme Court. The issues raised in his petition are the same as those raised before the Court of Appeals. Under Minnesota law, Petitioner is barred from seeking any further relief for any federal claims he might have asserted during his appeal. See State v. Knaffla, 243 N.W.2d 737 (Minn. 1976); Minn. Stat. § 590.04, subd. 3. Thus, though he has not brought any federal claims in the instant petition, he is barred from doing so on the basis of procedural default.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for a Writ of Habeas Corpus be **DISMISSED WITH PREJUDICE** [Docket No. 1].

Dated: November 28, 2001

E. S. Swearingen

E. S. SWEARINGEN
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties within ten days, a writing which specifically

identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500